Kenneth Earl ANDREWS and Robert Lee
GOODMAN *v.* STATE of Arkansas

CR 77-61                                             555 S.W. 2d 224

Opinion delivered September 12, 1977
(Division I)

*McArthur & Johnson, P.A.,* for appellants.

*Bill Clinton,* Atty. Gen., by: *Robert J. Govar,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. The two appellants were jointly tried for having delivered heroin on June 26, 1976. Both were found guilty and were sentenced to ten years' imprisonment. They question, primarily, the court's instructions to the jury and, secondarily, the sufficiency of the State's proof.

The State's undercover agent testified that he arranged for the purchase during a telephone conversation with the defendant Goodman. Goodman met the agent outside Goodman's house and accompanied him into the house. There the defendant Andrews participated in the sale by delivering the heroin to the agent and accepting payment. Upon that proof the defendants complain of this instruction:

> A person is an accomplice of another person in the commission of an offense if, with the purpose of promoting or facilitating the commission of an offense, he:

> Solicits, advises or encourages the other person to commit it; or
> Aids, agrees to aid, or attempts to aid the other person in planning it or committing it.

> A person is criminally liable for the conduct of another person when he is an accomplice of another person in the commission of an offense.

The instruction, with some rearrangement, is taken almost verbatim from two successive sections of the Criminal Code of 1976. Ark. Stat. Ann. §§ 41-302 and -303 (Crim. Code 1976). The appellants nevertheless argue that the instruction is wrong, because it mentions accomplices when both defendants were principals and because it makes one person responsible for another's conduct rather than only for his own.

That argument misconceives the purpose and the effect of these provisions of the Code. See, generally, Comment, "The Impact of the 1976 Criminal Code on the Law of Accessorial Liability in Arkansas," 31 Ark. L. Rev. 100 (1977). The draftsmen were not here concerned with the former distinction between principals and accessories. In fact, those terms are not used in the Code. The draftsmen were saying instead, in simple and clear language, that when two (or more) persons assist one another in the commission of an offense, each is an accomplice and is criminally liable for the conduct of both. The word "accomplice" does not imply (as "accessory" once did) that either is subordinate to the other. It is simply a shorthand way of saying that both are responsible. That point is made clear by § 301 of the Code, which reads: "A person may commit an offense either by his own conduct or that of another person." Ark. Stat. Ann. § 41-301. Thus each participant is criminally liable, ultimately, only for his own conduct, but he cannot disclaim responsibility merely because he did not personally take part in every act that went to make up the crime as a whole.

Second, it is argued that the court incorrectly told the jury that the minimum confinement for delivery of heroin is 10 years and the maximum is 30 years. The court was right. Under our original Uniform Controlled Substances Act (Act 590 of 1971), there was uncertainty about some of the penalties. Later legislation, however, has dispelled that uncertainty. Act 67 of the First Extraordinary Session of 1972 fixed the maximum penalty for the present offense at 30 years, with no stated minimum. Act 186 of 1973 (at page 659 of the printed Acts) specified a minimum punishment of 5 years and retained the 30-year maximum. Act 1005 of 1975 (which took effect before the date of this offense) increased

the minimum to 10 years. The various acts are compiled as Ark. Stat. Ann. §§ 82-2617 (a) (1) (i) and 82-2641 (Repl. 1976).

Third, the appellants, in questioning the sufficiency of the evidence, concede that the State's proof is adequate if the testimony of the undercover agent is believed. It goes without saying that the credibility of witnesses is a matter for the jury, not for this court.

Affirmed.

We agree. HARRIS, C.J., and ROY and HICKMAN, JJ.